FILED

June 20, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:59 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KINGSPORT

| | | |
|---|---|---|
| Giovanna Meier, | ) | Docket No. 2015-02-0179 |
| Employee, | ) | |
| v. | ) | State File No. 42423-2015 |
| | ) | |
| Lowes Home Centers, Inc., | ) | Judge Brian K. Addington |
| Employer. | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on May 18, 2017, and June 9, 2017, for a Compensation Hearing. Ms. Meier brought this action for temporary and permanent disability benefits and medical benefits.

The central legal issues are 1) whether Ms. Meier sustained a work-related low-back injury by accident on April 27, 2017, and 2) whether Lowes is responsible for unauthorized medical benefits, temporary disability benefits, and permanent partial disability benefits. For the reasons set forth below, this Court finds Ms. Meier failed to establish by a preponderance of the evidence that she sustained a work-related low-back injury. Accordingly, the Court holds that Ms. Meier is not entitled to the requested workers' compensation benefits from Lowes.

## History of Claim[1]

Ms. Meier is thirty-nine years old and worked as a customer service representative for Lowes. Ms. Meier, a Peruvian, testified she is only seventy percent proficient in English. She did not understand workers' compensation prior to her injury, as it was not available in Peru. When she started work for Lowes, no one explained to her how to file

---

[1] The Court's history includes testimony from Mr. and Ms. Meier during the Expedited Hearing and Ms. Meier during Compensation Hearing. The Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

1

a claim for workers' compensation benefits.

On April 27, 2015, Ms. Meier moved two concrete bags from one shopping cart to another. She testified that, while doing so, she felt pain in her left hip and knee. She did not report an injury that day. Instead, she went home, took a pain pill and went to sleep.

Ms. Meier was not scheduled to work the next day. She testified she took additional pain medicine and decided to go to the emergency room. She had to pick up her daughter from school at 4:15 p.m., so she waited until then to go to the emergency room. After picking up her daughter, she noticed an electronic sign that informed the public there was a long wait at the emergency room, so she stopped at Dollar Tree to purchase some bread. While she was there, she bent to pick up the bread and testified she experienced pain in her back, hip, and leg. Mr. Meier observed Ms. Meier indicate pain when she bent over to pick up the bread.

Mr. and Ms. Meier testified they went straight to the emergency room after purchasing the bread; however, the emergency room notes indicate Ms. Meier arrived at 6:13 p.m., approximately two hours after picking up her daughter from school.

Ms. Meier treated at Johnson City Medical Center. Her chief complaint referenced both the incident at Lowes and when she was shopping. There is no mention of hip or back pain in the records, and a diagram on the physical examination page shows an arrow pointing to her left kneecap. Charity Styles, DO, diagnosed Ms. Meier with a left-knee sprain and provided her with crutches and a knee brace.

Ms. Meier returned to work on crutches the next day. Although everyone saw her with the crutches, no one mentioned workers' compensation. During the day, a customer discussed workers' compensation with her, so she decided to report her injury. Her injury report that day noted she lifted cement bags but did not realize there was any problem until later that night, when her knee swelled and she then experienced pain.

The following day, Ms. Meier completed a second injury report. This time she included both incidents. Concerning the incident at Lowes, she said it was not painful at all when it occurred and she just took an Advil at home. Concerning the incident while shopping, she indicated her knee felt like it was out of place, started swelling, and caused "horrible pain." Ms. Meier returned home and took two Advil. The pain did not subside, so she went to the emergency room at 7:00 p.m. because the pain was "worst every time."

Following Ms. Meier's second report, Lowes denied her claim, so she sought unauthorized medical treatment with Dr. Joseph Grant with Watauga Orthopedics. During her first examination with Dr. Grant on April 30, there was no discussion about any body part other than her knee. Dr. Grant assessed a recurrent subluxation of the patella and recommended physical therapy. During follow-up two weeks later, Dr. Grant

2

additionally assessed current tear of lateral cartilage or meniscus and localized chondromalacia.

On May 28, Dr. Grant assessed localized chondromalacia and for the first time mentioned "mile sciatica" after Ms. Meier stated that "the whole leg aches now." Dr. Grant ordered an MRI in June, which revealed minor knee issues, but he also referred her to her PCP because she suffered some sciatic symptoms.

Ms. Meier continued to work with restrictions without missing any substantial time. Dr. Grant took Ms. Meier off work on July 9 until she could be evaluated by a spine specialist.

Ms. Meier came under the care of spine specialist Dr. Benjamin Knox for her sciatic symptoms. During her first appointment with Dr. Knox, Ms. Meier related the incident at Lowes but did not discuss the incident at Dollar Tree. Dr. Knox noted pain in the thigh radiating into the calf with some back pain. He noted, "It is not necessarily confluent with her leg pain." Eventually Ms. Meier underwent a laminotomy at L5-S1 on November 23. Dr. Knox later assessed fibromyalgia syndrome on February 18, 2016, and continued Ms. Meier off work for six weeks.

Ms. Meier later came under the care of Dr. Richard Duncan. Ms. Meier testified she underwent physical therapy at his direction. Dr. Duncan completed a medical records review of Dr. Grant's and Dr. Knox's records at the request of Ms. Meier. He related her knee, thigh, and back pain to the lifting incident at Lowes based on the history Ms. Meier provided, which did not include the incident at Dollar Tree but included as Dr. Duncan understood a "a pop and immediate pain in the back."

Dr. Duncan also signed a C-32 Standard Form Medical Report for Industrial Injuries and an attached C-30A. However, Dr. Duncan did not attach his CV, and the report filed was not an original. It did not contain his or Ms. Meier's attorney's supporting affidavit. Dr. Duncan found Ms. Meier reached maximum medical improvement on December 27, 2016, and retained an eight-percent whole body impairment.

**Parties' Assertions at the Compensation Hearing**

At the Compensation Hearing, Ms. Meier argued she suffered a back injury as a result of the lifting incident at Lowes. She asserted she had difficulty explaining the full nature of her injury to Lowes and providers due to issues with the English language. She downplayed the incident at Dollar Tree, asserting that it was just a continuation of the pain she already suffered. She acknowledged she underwent unauthorized medical treatment but that she had no choice since Lowes denied her claim. She asserted the Court should take judicial notice of Dr. Duncan's credentials, since he did not attach a

CV to his C-32 form. She further argued entitlement to temporary total disability benefits from July 10, 2015, until December 27, 2016; payment of unauthorized medical benefits; and permanent benefits representing her eight-percent whole body impairment.

Lowes asserted that Ms. Meier gave different versions of events to Lowes and medical providers, noting her failure to tell them about the incident at Dollar Tree, even when the Court in a prior order suggested the incident should be addressed by the providers. Further, Ms. Meier failed to submit any admissible expert testimony concerning causation of her injury or the impairment she retained. As such, Lowes asked the Court to deny Ms. Meier's claim for benefits.

The parties' Joint Pre-Compensation Hearing Statement contained a stipulation to Ms. Meier's average weekly wage at $200.85 and compensation rate of $133.90. However, the final DCN filed by the mediator stated the parties had not agreed on these issues. Ms. Meier contended her correct compensation rate is $136.63, while Lowes argued the stipulated rate should be the rate the Court used if it awarded benefits. The wage statement filed in this matter contains a total paid of $10,042.42 for forty-nine weeks of employment.

**Findings of Fact and Conclusions of Law**

The employee in a workers' compensation claim has the burden of proof on all essential elements of the claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2015) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

Based on this burden, the initial hurdle Ms. Meier must surmount is whether she suffered an injury at work. Tennessee Code Annotated section 50-6-102(14) (2016) defines an "injury" in pertinent part as "an injury by accident . . . arising *primarily* out of and in the course and scope of employment that causes death, disablement, or the need for medical treatment of the employee." (Emphasis added.) It is not enough for an employee to show a connection between her work and an injury. Rather, she must provide an expert medical opinion that her employment contributed more than fifty percent in causing her injury, *considering all causes*. *See* Tenn. Code. Ann. § 50-6-102(14)(B) (2016). (Emphasis added.)

Ms. Meier's case is complicated in that she originally reported a left-leg injury and later a low-back injury and also had another incident a day after the first accident at Lowes in which she suffered pain in her back while shopping. To further complicate

4

matters, Ms. Meier now denies she injured her leg at all. As this matter does not involve an obvious injury, Ms. Meier must present expert medical testimony to support her claim for benefits. *Scott, supra* at \*10-11.

Although Dr. Knox and Dr. Duncan related Ms. Meier's injury and need for treatment to the incident at Lowes, neither stated it arose primarily from that event. Also, Dr. Knox never stated he was addressing the issue within a reasonable degree of medical certainty. However, a physician need not use particular words or phrases included in the statute to establish the requisite medical proof. *Panzarella v. Amazon.com*, 2017 Wrk. Comp. App. Bd. LEXIS 30, at \*14 (May 15, 2017). The Court is more concerned with sufficient proof to establish these statutory requirements.

Here, the history Dr. Duncan related in the Medical Records Review does not conform to Ms. Meier's testimony at trial. Ms. Meier never testified she felt a pop and immediate pain in her back at Lowes, yet that is what Dr. Duncan recorded and considered. Neither party took the deposition of any physician to clarify the issue.

Further, neither Dr. Knox nor Dr. Duncan considered the incident at Dollar Tree. Ms. Meier asserted it was unnecessary for them to consider that incident, but Ms. Meier herself considered it noteworthy when she went to the emergency room and noteworthy of mention in her second report to Lowes. The Court notes that Ms. Meier did not go to the emergency room until after the Dollar Tree incident and that following the Dollar Tree incident her pain was "horrible." Based on the evidence submitted, the Court is not satisfied that either Dr. Knox or Dr. Duncan considered all causes in coming to their respective causation opinions.

Even if Ms. Meier had obtained an opinion that her injury arose primarily out of and in the course and scope of her employment, her attempt at presenting expert testimony concerning her impairment failed. Lowes objected to Dr. Duncan's C-32. The Workers' Compensation Law allows a physician to "testify" by submitting an originally signed C-32 or a copy of it with an affidavit by the physician or submitting attorney verifying the contents. Tenn. Code Ann. § 50-6-235(c)(1) (2016). The report must contain the physician's statement of qualifications. *Id*. The Court declines to take judicial notice of Dr. Duncan's qualifications, as this is not contemplated by the statute in question. Ms. Meier submitted no affidavit to the copy of the report and no statement of qualifications; thus, the C-32 Ms. Meier attempted to submit is not admissible.

Consequently, Ms. Meier has not carried her burden to establish that she suffered a compensable injury while working for Lowes on April 27, 2015, and her claim for the requested workers' compensation benefits arising from that date of injury is denied.

**Alternative Findings**

Solely in the event that an appellate body finds error in the compensability holding, the Court makes the following alternative findings for the sake of judicial economy. *See Cunningham v. Shelton Sec. Serv.,* 46 S.W.3d 131, 137-138 (Tenn. 2001). ("The trial court should . . . hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review.") The following findings are solely for this purpose and are not the conclusions of this Court but are alternative findings in the event an appeal results in reversal of this Court's conclusions set out above.

- The Court finds Ms. Meier's average weekly wage is $204.95 and her compensation rate is $136.63 based on her earnings of $10,042.42 for the forty-nine weeks contained on the wage statement.

- Based on Dr. Duncan's rating, Ms. Meier is entitled to an initial award of benefits for an eight-percent permanent partial disability to the body as a whole or thirty-six weeks of benefits beginning December 27, 2016. Ms. Meier's initial period of benefits equates to $4,918.68.

- Ms. Meier is entitled to thirty-seven weeks and six days of temporary total disability benefits (July 10, 2015, to March 31, 2016) or $5,172.43.

- Lowe's shall pay the medical expenses incurred as a result of the April 27, 2015 work injury as contained in exhibit 6.

**BASED ON THE CONCLUSIONS OF THE COURT SET OUT ABOVE, IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Meier did not establish by a preponderance of the evidence that she sustained an injury arising primarily out of and in the course and scope of her employment. Her claim for all requested benefits is denied.

2. Lowes shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), for which execution may issue, if necessary.

3. Lowes shall complete and file with the Bureau an SD-1 within ten days of this judgment.

4. This is a final judgment.

6

**ENTERED** this the 20th day of June, 2017.


                                  **/s/ BRIAN K. ADDINGTON**
                                  **HON. BRIAN K. ADDINGTON**
                                  **Workers' Compensation Judge**

**APPENDIX**

Technical record:
- Initial Hearing Order
- Amended Scheduling Order
- Final Dispute Certification Notice
- Joint Pre-Compensation Hearing Statement
- Technical Record from the Expedited Hearing
- Employer's Motion to Strike

Stipulated Findings of Facts of the Parties:
- Ms. Meier's alleged date of injury is April 27, 2015.
- Ms. Meier is thirty-nine years old and a resident of Washington County, Tenn.

Stipulated Conclusions of Law:
- This claim is governed by the Workers' Compensation Laws for the State of Tennessee.
- An employment relationship existed between Ms. Meier and Lowes at all relevant times.

Exhibits:
1. Collective Exhibit containing the exhibits from the Expedited Hearing
2. Wage Statement
3. Dr. Duncan's Medical Records Review Report[2]
4. Dr. Duncan note addressing causation and impairment (for Identification only)[3]
5. Dr. Duncan's C-32 and attached C-30 (for Identification only).[4]
6. Collective exhibit-Medical Bills[5]

---

[2] Lowes objected to this report as it was not signed. However, the Court concludes the report contains a typed signature. Lowes' objection is overruled.

[3] Lowes objected to this report, as it was not signed. Although it does appear to the Court to obtain a typed signature, this report appears to be an attachment to the C-32, as it was created on the same day as the C-32. The Court ruled the C-32 was inadmissible, so this attached report is inadmissible as well.

[4] The admissibility of this exhibit is addressed in the body of the Order.

[5] Lowes objected to the admissibility of these medical bills and asked the Court to strike them as being medical records that were not properly provided prior to Compensation Hearing. The Court overrules the objection. The Court acknowledges the parties did not reach an agreement as to which or any of the medical bills were for Ms. Meier's alleged injury; however, the parties had opted to wait until after the Compensation Hearing to provide the records. The Court refused to allow the parties to bifurcate the issue and required Ms. Meier to file them when the Court re-opened proof for the purpose of submitting the records and hearing argument for and against their admissibility. The Court further notes that Ms. Meier neither laid a proper foundation for these medical bills nor did she provide a certification from the providers to the accuracy of the them, but the employer failed to object on these grounds.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 20th day of June, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Todd East, Esq., Employee's Attorney | | | X | todd@toddeast.com jennifer@toddeast.com |
| Jess Maples, Esq. Employer's Attorney | | | X | Jess.maples@leitnerfirm.com |


\_\_\_\_/s/ Penny Shrum_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov